IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOFFMAN BIKES, INC., and
HOFFMAN ENTERPRISES, INC.,

     Plaintiffs,

 v.

PACIFIC CYCLE, INC., and ABC INSURANCE
CO.,

     Defendants.

OPINION & ORDER

17-cv-483-jdp

---

  Plaintiffs Hoffman Bikes, Inc., and Hoffman Enterprises, Inc., filed this case in state court for breach of contract against defendants Pacific Cycle, Inc., and ABC Insurance Co. (a placeholder name for Pacific Cycle's actual insurance company, which has not yet been identified). Pacific Cycle knew this suit was coming. So less than two hours after it was filed in state court, Pacific Cycle removed it to this court under 28 U.S.C. §§ 1332 and 1441, invoking the court's diversity jurisdiction. Dkt. 1. Plaintiffs now move to remand the case to the Circuit Court for Dane County, invoking the forum-defendant rule, because Pacific Cycle is a citizen of Wisconsin. Dkt. 2.

  This would be a slam-dunk for remand to state court, if not for this: Pacific Cycle contends that it had not been served when it filed its notice of removal. Pacific Cycle contends that according to the plain statutory language of 28 U.S.C. § 1441(b)(2), the forum-defendant rule applies only after a defendant has been properly served. Under Pacific Cycle's view of the statute, if a forum defendant can file a notice of removal before it is served with process, it can, by dint of its prompt action, evade the forum-defendant rule and have the case heard in federal

court. The court is not persuaded by Pacific Cycle's interpretation of the statute, and it will remand the case to state court.

FACTUAL BACKGROUND

Plaintiffs had filed an earlier state-court suit based on the same underlying allegations against Pacific Cycle and another defendant, Cycling Sports Group (CSG). CSG removed that suit to this court on the basis of diversity. Before either defendant was served, plaintiffs voluntarily dismissed that action on June 21, 2017.

Counsel for Pacific Cycle received notice of the dismissal at 11:39 a.m. on June 21. Dkt. 11, ¶ 4. Counsel anticipated—correctly—that another state-court suit might be coming, so counsel monitored the electronic docket of the Dane County Circuit Court. Sure enough, about 3:15 p.m. that same day, plaintiffs filed this case in state court. Counsel for Pacific Cycle did what it could to confirm that Pacific Cycle had not been served, and then filed notice of removal at 4:52 p.m. on June 21.

The next day, June 22, plaintiffs asked Pacific Cycle to consent to remand the case. Plaintiffs have filed an affidavit showing that they served Pacific Cycle at its agent for service, CSC, at 3:40 p.m. on June 21. Dkt. 4-1. Pacific Cycle refused to consent to removal and it disputes plaintiffs' evidence of service. Pacific Cycle has adduced affidavits from CSC employees that purport to show that Pacific Cycle had not been served through CSC on June 21.

2

ANALYSIS

The forum-defendant rule is stated in the statute governing removal of cases to federal court, 28 U.S.C. § 1441. As provided in section (b)(2):

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The principle underlying this rule is that the purpose of federal diversity jurisdiction is to provide a more neutral forum for out-of-state defendants. A defendant who is a citizen of the forum does not need the benefit of the more neutral federal forum, so such a defendant is not entitled to remove a state-court case to federal court. *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625 (7th Cir. 2013).

Plaintiffs' complaint makes only state-law claims, so the action is removable, if at all, only on the basis of diversity jurisdiction under § 1332(a). Pacific Cycle is a citizen of Wisconsin and Delaware. All agree that if plaintiffs had accomplished service on Pacific Cycle at 3:40 p.m. on June 21, as they contend, then the forum-defendant rule would make removal improper and remand would be required.

The court concludes that whether plaintiffs accomplished service as they contend is legitimately disputed. Plaintiffs' affidavit of service is entitled to a presumption of validity, which can be overcome only with strong and convincing evidence. *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir. 2015). But Pacific Cycle has adduced evidence sufficient to overcome that presumption. Pacific Cycle's evidence does not definitively rebut plaintiffs' affidavit, but that would be impossible because Pacific Cycle is trying to prove that service did not happen. CSC has shown how it kept its records, and in light of its reasonable

record-keeping and a diligent search, the absence of documentation of service is evidence that it did not happen. If the timing of service were material, the court would have to hold a hearing to resolve the factual dispute. *Id*. at 1164.

But the timing of service would be material only if the court accepts Pacific Cycle's interpretation of § 1441(b)(2). By its terms, the statute bars removal only if any of the "parties in interest properly joined and served as defendants" is a citizen of Wisconsin. According to Pacific Cycle, this is a timing question. Pacific Cycle asks the court to interpret the statute to mean that a forum defendant can remove a diversity case to federal court if it does so *before* it is "properly joined and served." The Seventh Circuit has not spoken to this precise question, which is not surprising because under 28 U.S.C. § 1447 the court of appeals does not have authority to review remand orders based on failure to comply with the forum-defendant rule. *See Holmstrom v. Peterson*, 492 F.3d 833, 839 (7th Cir. 2007).

The purpose of the "properly joined and served" requirement is to guard against gamesmanship by a state-court plaintiff. The requirement prevents a plaintiff from tacking on a resident defendant that the plaintiff does not sincerely intend to proceed against, but whose presence will block removal. *Morris v. Nuzzo*, 718 F.3d 660, 670 n.3 (7th Cir. 2013). There are many district court cases that illustrate this principle in action. *See, e.g., Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 645 (D.N.J. 2008).

Pacific Cycle does not dispute that the intended purpose of the "properly joined and served" requirement is to prevent this type of gamesmanship by state-court plaintiffs. But Pacific Cycle contends that the plain language of the statute governs, period. And the plain language of the statute says that a forum defendant has a right to removal until it is both joined and served. Pacific Cycle cites some cases that have reached this conclusion, relying particularly

on *Massey v. Cassens & Sons, Inc.*, No. 05-cv-598, 2006 WL 381943 (S.D. Ill. Feb. 16, 2006). Pacific Cycle contends that *Massey* represents the majority view that unserved defendants can be disregarded in the application of the forum-defendant rule. But district courts are divided on this issue, as *Massey* acknowledged by citing *Holmstrom v. Harad*, No. 05-cv-2714, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005).

The court is not persuaded by Pacific Cycle's plain-language argument. The statute expressly provides that removal is not proper "if any of the parties in interest properly joined and served as defendants" is a citizen of the forum state. But the statute is silent about when service must be made. The statute does not say, for example, that removal is not proper if any of the forum defendants "are not properly joined and served before the notice of removal is filed." There is no requirement in either the state or federal rules of civil procedure that a defendant be served immediately to be deemed properly served.

This case illustrates the practical reality that there will inevitably be a gap between the filing of a case and the service of the summons and complaint. Plaintiffs filed this case about 3:15 p.m., and according to plaintiffs' evidence, they served it on Pacific Cycle at 3:40 p.m., which is about as promptly as a process server could manage. Under Pacific Cycle's interpretation of the statute, Pacific Cycle could evade the forum defendant rule if it could file a notice of removal at 3:30 p.m. And what if a defendant were served the next day, or even a few days later? No one could argue that such a defendant was not properly served. But under Pacific Cycle's interpretation of the statute, any gap between filing and service opens a window of opportunity for a forum defendant to evade statutory limits on federal jurisdiction and get into federal court with a case that would otherwise be barred by the forum-defendant rule. The

5

court's jurisdiction over this case should not be determined by Pacific Cycle's race to the federal courthouse.

The result Pacific Cycle seeks is not compelled by the plain language of § 1441(b)(2). And it is so plainly at odds with the purpose of the forum-defendant rule that the court would look beyond the plain language to avoid the absurd result. *See United States v. 916 Douglas Ave.*, 903 F.2d 490, 492 (7th Cir. 1990); *accord United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). The court here follows the Seventh Circuit's interpretive guidance on the removal statute: courts must interpret it "narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *accord Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).

Plaintiffs sued Pacific Cycle in its home state. They intended to promptly serve it and to proceed against it on state-law claims only. They played no games to defeat federal jurisdiction. The court will remand the case to state court under the forum-defendant rule. The court was not persuaded by Pacific Cycle's argument. But because of the lack of binding precedent on this subject, the court declines to award plaintiffs fees and costs. *See* § 1447(c); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789, 792–93 (7th Cir. 2007).

ORDER

IT IS ORDERED that:

1. Plaintiffs Hoffman Bikes, Inc., and Hoffman Enterprises, Inc.'s motion to remand, Dkt. 2, is GRANTED in part and DENIED in part, consistent with the opinion above.

2. Defendant Pacific Cycle, Inc.'s motion for leave to file surreply, Dkt. 15, is DENIED as moot.

3. This case is remanded to the Wisconsin Circuit Court for Dane County. The clerk is directed to return the record to the state court and to mail a certified copy of this order to the clerk of the state court.

Entered September 20, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge